UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHRYSTYNA YATSKIV,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, and DOES 1 through 25, inclusive,<br><br>Defendants. | No. 2:21-cv-00763-TLN-AC<br><br>**ORDER** |

This matter is before the Court on the United States of America's (the "Government") Motion to Dismiss. (ECF No. 7.) Plaintiff Khrystyna Yatskiv filed an opposition. (ECF No. 13.) The Government filed a reply. (ECF No. 15.) For the reasons set forth below, the Court GRANTS the Government's motion.

///

///

///

///

///

///

///

### I. FACTUAL AND PROCEDURAL BACKGROUND[1]

The instant case arises from a vehicle collision that occurred on July 29, 2019. (ECF No. 5 at 3.) As a result of the collision, and pursuant to the Federal Tort Claims Act ("FTCA"), Plaintiff filed an administrative claim with the United States Postal Service ("USPS") seeking recovery in the amount of $85,000 on June 18, 2020. (ECF No. 7-1 at 2.) The Government received this claim on June 19, 2020. (ECF No. 7-2 at 2.) On August 20, 2020, USPS sent Plaintiff a letter stating the claim was inadequate because it did not contain any supporting documentation. (ECF No. 7-1 at 2.) On December 10, 2020, the USPS received another copy of the claim with a letter advising that supporting documents would follow shortly. (*Id.*) On December 24, 2020, Plaintiff filed her supporting documentation and the demand letter that increased the claim from $85,000 to $185,000 in damages. (*Id.*) On December 29, 2021, the Government acknowledged receipt of the "amended claim" and advised that the Government had six months from the date of the amendment to review the claim. (*Id.*)

On April 27, 2021, Plaintiff filed the instant action in this Court. (ECF No. 1.) On August 2, 2021, the Government denied Plaintiff's administrative claim. (ECF No. 7-2 at 2.) On November 18, 2021, Plaintiff filed the FAC. (ECF No. 5.) On February 7, 2022, the Government filed the instant motion to dismiss. (ECF No. 7.)

### II. STANDARD OF LAW

A party may bring a motion to challenge a court's subject matter jurisdiction under Federal Rules of Civil Procedure ("Rule") 12(b)(1). *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). The objection that a federal court lacks subject matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). The challenge can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "When subject matter jurisdiction is challenged under Federal Rule of [Civil] Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion."

---

[1] The factual and procedural background is taken from Plaintiff's First Amended Complaint ("FAC") and the instant motion, sometimes verbatim.

*Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010)). "'Unless the jurisdictional issue is inextricable from the merits of a case, the court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1)[.]'" *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (internal citations omitted). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Community v. Bush*, 386 F.3d 1169, 1175 (9th Cir. 2004). If the court determines at any time it lacks subject matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III.     ANALYSIS

The Government argues the Court should dismiss Plaintiff's FAC because she did not comply with the FTCA's jurisdictional requirement of administrative exhaustion prior to filing suit. (ECF No. 7-1 at 4.) The Government further argues Plaintiff's demand letter increasing the amount of claimed damages, submitted on December 24, 2020, constituted an amended administrative claim. (*Id.* at 5.) The Government contends this amendment restarted the six-month waiting period for agency action and thus the earliest Plaintiff could have deemed USPS's non-response to be a final denial was June 24, 2021. (*Id.*)

In opposition, Plaintiff asserts the change in the demand letter "was simply a typographical error," as the letter was "nothing more than a copy of the original [form], with the exact same request for $85,000 and the same date of June 18, 2020." (ECF No. 13 at 3–4.) Plaintiff also asserts the demand letter following the resubmission of the form constituted settlement discussions and not an amended claim, as "[t]he back and forth of demands and offers is not what triggers an amended claim . . . [and] filing a claim and complying with the requirements of 39 C.F.R. [§§] 912.2 and 912.5(c) is what triggers a new [six]-month waiting period[.]" (*Id.* at 4.)

In reply, the Government argues the six-month waiting period began on December 24, 2020, because "[a]fter submitting her administrative tort claim seeking $85,000 on a Standard Form 95, Plaintiff wrote to the [USPS] and demanded an additional $100,000 . . . [and] attached

1  medical and billing records to the demand letter" in support.  (ECF No. 15 at 2 (citing ECF No. 7-
2  2 ¶ 7).)  The Government further argues these materials had not been provided previously, and the
3  USPS responded to this demand noting it had received her "amendment of her Standard Form 95 .
4  . . changing her demand from $85,000 to $185,000 and advising her that '[w]hile this claim will
5  be adjudicated as soon as possible the [USPS] has six months [from the submission of the letter
6  asking for $185,000] in which to adjudicate this claim.'"  (*Id.* (citing ECF No. 7-7 at 1).)

7        The FTCA states that "[a]n action shall not be instituted upon a claim against the United
8  States for money damages for injury or loss of property or personal injury . . . unless the claimant
9  shall have first presented the claim to the appropriate Federal agency and his claim shall have
10 been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. §
11 2675(a).  The FTCA further states that "[t]he failure of an agency to make final disposition of a
12 claim within six months after it is filed shall, at the option of the claimant any time thereafter, be
13 deemed a final denial of the claim for purposes of this section."  *Id.*  Federal regulations specify
14 that when an amended claim is timely filed, the USPS "shall have six months in which to make a
15 final disposition of the claim as amended, and the claimant's option under 28 U.S.C. [§] 2675(a)
16 shall not accrue until six months after the filing of an amendment."  39 C.F.R. § 912.5(c).

17       In the instant case, the parties do not dispute the administrative exhaustion requirement of
18 the FTCA, nor do they dispute that Plaintiff must wait six months after the administrative claim is
19 filed and "deemed" denied to file suit with this Court.  (ECF Nos. 7-1, 13, 15.)  Thus, the question
20 before the Court is whether Plaintiff's demand letter on December 24, 2020, constitutes an
21 amended claim and subsequently restarts the six-month waiting period, preventing this Court
22 from having subject matter jurisdiction over this claim.  The Court agrees with the Government's
23 contention that Plaintiff's increase of her sum certain demand required it to treat her submission
24 as an amended claim.  (ECF No. 15 at 3 (citing *Mar v. United States*, No. CIV S-08-0644 EFB,
25 2009 WL 737040, at *3 (E.D. Cal. Mar. 19, 2009)).)  The Government is correct that "the amount
26 of the sum certain demand is arguably the most significant component of an administrative claim,
27 as a plaintiff is subsequently capped at the amount listed as the sum certain when she files suit in
28 district court and may not recover more than that amount against the United States."  (*Id.* (citing

28 U.S.C. § 2675(b); *Holloway v. United States*, 845 F.3d 487, 489–90 (1st Cir. 2017))); *see also* 28 U.S.C. § 2675(b).[2]

"An administrative filing will not be deemed a 'claim' under the FTCA unless it seeks damages in a 'sum certain.'" *Mar*, 2009 WL 737040, at *3 (citing *Avril v. United States*, 461 F.2d 1090, 1091 (9th Cir. 1972) (failure to state sum certain amount of damages renders claim a nullity); *Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974) (sum certain also required to identify claims requiring the approval of the Attorney General for settlement pursuant to 28 U.S.C. § 2672, and to evaluate insurance coverage)). Plaintiff advised the Government when she filed her second copy of the claim on December 10, 2020, that the "demand letter and supporting documents will follow shortly." (ECF No. 7-5 at 1.) Even though Plaintiff's December 24, 2020 letter states that the demand was to remain open for a period of 20 days (ECF No. 7-6 at 3), neither party contends that Plaintiff ever contested or responded to USPS's December 28, 2020 letter confirming that it had received her *amended claim* and that it had "six months from December 24, 2020 in which to adjudicate this claim" (ECF No. 7-7). Finally, like the plaintiff in *Mar*, "Plaintiff directs the [C]ourt to no case, and the [C]ourt has found none, in which an ambiguous second administrative filing, filed within the period authorized for an amended claim, was construed as other than an amended claim." 2009 WL 737040, at *3.

Based on the foregoing, the Court finds that it was proper for the Government to treat Plaintiff's December 24, 2020 demand letter as an amended claim. Therefore, Plaintiff was unable to file a complaint with this Court until June 24, 2021, the earliest point at which the USPS's decision would have been deemed final. Because Plaintiff did not exhaust administrative remedies prior to filing this suit, which is a jurisdictional prerequisite under the FTCA, this Court lacks jurisdiction. *See* 28 U.S.C. § 2675(a).

///

---

[2] 28 U.S.C. § 2675(b) provides: "Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the Government's Motion to Dismiss without leave to amend and DISMISSES the FAC in its entirety. (ECF No. 7.) The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

**DATED: July 22, 2022**

Troy L. Nunley
United States District Judge